# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA LOPEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AMERICAN FIRE AND CASUALTY COMPANY,<br><br>　　　　Defendant. | Case No. 1:20-cv-01418-JLT-SAB<br><br>ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION TO AMEND SCHEDULING ORDER<br><br>(ECF No. 28) |

## I.

## INTRODUCTION

Currently before the Court is Plaintiff's *ex parte* application for an extension of the discovery deadlines contained in the scheduling order, filed on February 2, 2022. (ECF No. 28.) The Court, having reviewed the record, finds this matter suitable for decision without oral argument. See Local Rule 230(g). Having considered the parties' briefing papers, the declarations and exhibits attached thereto, as well as the Court's file, the Court issues the following order denying Plaintiff's *ex parte* application.

///

///

///

1

## II.

## BACKGROUND

On October 2, 2020, Plaintiff Alicia Lopez, doing business as Plaza San Miguel, filed this action against Defendant American Fire and Casualty Company. (ECF No. 1.) On January 7, 2021, the initial scheduling order issued setting deadlines including a nonexpert discovery deadline of August 6, 2021, a dispositive motion filing deadline of November 5, 2021, and a pretrial conference for August 15, 2022. (ECF No. 15.) Because of the "NONE" designation of the case with no assigned district judge, no trial date was set. (Id.) On July 19, 2021, pursuant to the parties' stipulation, the Court modified the scheduling order and extended the nonexpert discovery deadline until November 4, 2021, and the dispositive motion filing deadline until February 3, 2022. (ECF No. 21.) On November 2, 2021, the Court again modified the scheduling order pursuant to the parties' stipulation, and extended the nonexpert discovery deadline until February 2, 2022, and the dispositive notion filing deadline until May 4, 2022. (ECF No. 25.) The pretrial conference remains set for August 15, 2022.

On February 2, 2022, Plaintiff filed the instant *ex parte* application to extend the discovery deadlines. (ECF No. 28.) On February 3, 2022, the Court ordered Defendant to submit an opposition, or a statement of non-opposition, within seven (7) days, and allowed Plaintiff to file any reply within two (2) days of the opposition being served. (ECF No. 29.) On February 10, 2022, Defendant filed an opposition. (ECF No. 30.) On February 14, 2022, Plaintiff filed a reply brief. (ECF No. 31.)

## III.

## LEGAL STANDARD

**A.     *Ex Parte* Applications**

Local Rule 144(a) provides for the filing of initial stipulations for extensions of time for "no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents," and may be filed without Court approval. Local Rule 144(a) also provides that aside from these certain express initial extensions, "[a]ll other extensions of time must be approved by the Court."

2

Local Rule 144(c) provides that the Court may, in its discretion, grant an initial *ex parte* extension "upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." L.R. 144(c). Except for one initial extension, such "applications for extension of time are not ordinarily granted." L.R. 144(c). Further, "[c]ounsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent," and "[r]equests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." L.R. 144(d).

### B. Good Cause Standard to Modify a Scheduling Order

This Court generally has significant discretion and authority to control the conduct of discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988). Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1)–(3). A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The "good cause" standard "primarily considers the diligence of the party seeking the amendment," and the Court "may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (internal citation and quotations omitted). The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification. Id. If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify. Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Johnson, 975 F.2d at 609). "Relevant inquiries [into diligence] include: whether the movant was diligent in helping the court to create a workable Rule 16 order; whether matters that were not, and could not have been, foreseeable at the time of the scheduling conference caused the need for amendment; and whether the movant was diligent in seeking amendment once the need to

1 amend became apparent." United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327
2 F.R.D. 395, 404 (E.D. Cal. 2018) (internal quotation marks and citation omitted) (alteration in
3 original).

## IV.

## DISCUSSION

6 Following two modifications to the scheduling order, the nonexpert discovery deadline
7 was extended until February 2, 2022. (ECF No. 21.) On the deadline, February 2, 2022,
8 Plaintiff filed the instant *ex parte* application to extend the discovery deadline. (Pl.'s *Ex Parte*
9 Appl. ("Appl."), ECF No. 28.) The filing indicates that counsel Victor Jacobellis ("Mr.
10 Jacobellis") and Daniel Veroff ("Mr. Veroff") assumed lead responsibilities in this matter in
11 January of 2022. Plaintiff argues good cause exists for a sixty (60) day extension of the current
12 deadlines because this would allow sufficient time to supplement discovery responses and
13 complete the remaining depositions in this matter. (Appl. 1; Decl. Victor Jacobellis Supp. Pl.'s
14 *Ex Parte* Application ("Jacobellis Decl.") ¶ 8, ECF No. 28 at 3.)

### A.   Plaintiff's Arguments in Support of the Filed Application

16 Plaintiff submits that good cause exists to grant relief on an *ex parte* basis because: (1)
17 Mr. Jacobellis and Mr. Veroff recently took over for Michael Ponzo ("Mr. Ponzo") as Plaintiff's
18 lead attorneys; (2) a stipulation extending time could not reasonably be obtained because
19 Defendant's counsel advised Plaintiff's counsel that it would consider a stipulation to extend the
20 deadlines after Plaintiff's *ex parte* application; (3) Plaintiff did not delay in seeking this
21 extension; and (4) no trial has been set. (Appl. 1-2; Jacobellis Decl. ¶¶ 2-3, 10, 13.)

22 Mr. Jacobellis proffers in the attached declaration that: he is a senior attorney in the
23 firm's San Francisco office, and recently became one of the lead attorneys in this matter; Mr.
24 Ponzo in the Phoenix, Arizona office was previously the lead attorney; Courtney Abrams ("Ms.
25 Abrams"), in the Phoenix office, assisted in the day-to-day handling of this matter; Mr. Ponzo,
26 due to other obligations at the law firm, could no longer serve as lead attorney for Plaintiff; and
27 that on or about the second week of January 2022, Mr. Jacobellis and Mr. Veroff assumed lead
28 attorney responsibilities, in addition to assuming another matter current pending in this district.

4

1  (Jacobellis Decl. ¶ 2.)  Counsel proffers that in addition to his and Veroff's inability to conduct
2  fact discovery, Plaintiff was unable to conduct fact discovery in December of 2021, because Ms.
3  Abrams fell ill with COVID-109, and was unable to participate in depositions or complete
4  further discovery.  (Jacobellis Decl. ¶ 7.)

5  Plaintiff emailed Defendant on January 28, 2022, seeking a stipulation to extend the
6  discovery deadlines.  (Jacobellis Decl. ¶ 9, Ex. 1.)  On January 31, 2022, Defendant's counsel
7  advised Plaintiff's counsel that they were unable to obtain authorization to continue the
8  discovery deadlines, and Defendant's counsel further advised that Defendant may agree to a
9  stipulation following submission of Plaintiff's *ex parte* application.  (Jacobellis Decl. ¶ 10.)

10  Counsel argues that due to his and Mr. Veroff's recent involvement in this matter, they
11  assessed the need to extend discovery as soon as reasonably possible and did not delay in seeking
12  the extension.  (Jacobellis Decl. ¶ 13.)  Counsel proffers the request could not be noticed on the
13  Court's Local Rule 230 calendar because the motion was required to be filed before the
14  expiration of the February 2, 2022, nonexpert discovery deadline.  (Jacobellis Decl. ¶ 16.)

15  **B.     Defendant's Factual Summary**

16  Defendant summarized  the relevant history of discovery and course of communication
17  regarding discovery in this matter, and the Court finds it helpful to incorporate much of that
18  summary herein.

19  Following modification of the scheduling order on July 19, 2021, the nonexpert discovery
20  deadline was set for November 4, 2021.  (ECF No. 21.)  In September of 2021, Plaintiff
21  requested the depositions of adjuster Brett Day, John Miller, Phil Henry, and a 30(b)(6)
22  representative.  (Decl. Norman Lau Supp. Opp'n ("Lau Decl") ¶ 2, ECF No. 30-1.)  On
23  September 16, 2021, Plaintiff served a notice of the 30(b)(6) deposition.  (Lau Decl. ¶ 3, Ex. A.)
24  On October 4, 2021, Defendant served objections to the notice.  (Lau Decl. ¶ 4, Ex. B.)  On
25  October 8, 2021, the parties met and conferred regarding the deposition.  (Lau Decl. ¶ 5, Ex. C.)
26  After meeting and conferring, Plaintiff's counsel stated he would reevaluate the objections and
27  possibly serve an amended deposition notice after he had completed the deposition of Brett Day.
28  (Id.)  Plaintiff's counsel proposed stipulating to extending the discovery cutoff in light of the

1  number of remaining depositions and stated his office would prepare a draft stipulation for
2  review. (Id.)

3  After the deposition of Brett Day on October 15 and 18, 2021, Defendant's counsel
4  followed up regarding the 30(b)(6) deposition, and on October 20, 2021, Plaintiff informed
5  Defendant that the 30(b)(6) deposition was being taken off calendar. (Id., Exs. D, E.) In light of
6  the other remaining depositions, including those sought by Defendant, Defendant's counsel
7  reached out regarding the stipulation, and Plaintiff's counsel responded that Plaintiff no longer
8  wanted to take the 30(b)(6) deposition nor the deposition of John Miller, and thus was not
9  interested in extending out the discovery deadlines. (Lau Decl. ¶ 8, Ex. F.)

10  On November 1, 2021, the parties met and conferred and agreed to extend the discovery
11  deadline by 90 days to allow completion of three remaining depositions – depositions requested
12  by Defendant, not Plaintiff – and a site inspection of Plaintiff's property. (Lau Decl. ¶ 9, Ex. G.)
13  During such meet and confer, Plaintiff's counsel did not mention additional discovery, and rather
14  stated he was satisfied with the discovery completed thus far. (Id.) The parties entered into a
15  stipulation, entered by the Court on November 2, 2021, extending the nonexpert discovery
16  deadline until February 2, 2022. (ECF No. 25.)

17  The parties then competed Defendant's remaining depositions. (Lau Decl. ¶ 10.) On
18  January 7, 2022, Plaintiff's counsel contacted Defendant's counsel regarding a disagreement
19  about document requests, and during that discussion, Plaintiff's counsel did not mention a need
20  for additional depositions, and further, in correspondence summarizing such discussion,
21  Defendant's counsel noted Plaintiff's counsel previously said no additional discovery was
22  needed, that Plaintiff was not now seeking additional discovery, and that Plaintiff was only
23  seeking amended written responses regarding documents already produced. (Lau Decl. ¶ 11, Ex.
24  H.)

25  On January 10, 2022, Plaintiff's counsel wrote requesting amended responses to
26  interrogatories, and no mention of additional depositions was made. (Lau Decl. ¶ 12, Ex. I.) On
27  January 14, 2022, Defendant's counsel responded that Defendant had believed the issue
28  regarding interrogatories was resolved by the deposition of Brett Day, but would reevaluate the

issue. (Lau Decl. ¶ 13, Ex. J.) On January 20, 2022, Defendant's counsel requested to meet and confer regarding the interrogatories and remaining discovery issues, and Plaintiff's counsel was not available to meet until January 26, 2022. (Lau Decl. ¶¶ 14-15, Exs. K, L.) During the conference, Plaintiff's counsel requested to take the depositions of Defendant's 30(b)(6) representative and the deposition of John Miller, despite stating such depositions would not be pursued months earlier. Additionally, Plaintiff then requested the deposition of a representative of the engineering firm AME, which had never before been requested. Defendant declined a proposal to stipulate to an extension of the discovery deadlines/. (Lau Decl. ¶ 16.)

### C. The Court finds Plaintiff has not Demonstrated Diligence and has not Established the Requisite Good Cause for Amending the Scheduling Order

Defendant argues Plaintiff's application fails to meet the standards for modification of the scheduling order under Rule 16, and that Plaintiff incorrectly relies on Local Rule 144(c) in support of the application. (Def.'s Opp'n *Ex Parte* ("Opp'n") 2, ECF No. 30.) The Court agrees. Defendant correctly emphasizes the legal standards pertaining to modification under Federal Rule of Civil Procedure 16, and correctly submits that Plaintiff's reliance on Local Rule 144(c) is misplaced. (See Opp'n 4-5.) Local Rule 144(c)'s mechanism for initial *ex parte* extensions, which the Court summarized above, is not applicable to Plaintiff's request to modify the scheduling order under consideration here.[1]

Turning to the appropriate good cause standard under Rule 16, the Court finds Plaintiff

---

[1] Further, while the Court requested briefing (and invited Defendant to request a hearing or additional time for briefing), and allowed this matter to proceed in order to resolve the issues presented, as filed, Plaintiff's application to amend the scheduling order is largely an inappropriate use of an *ex parte* application. "The expression '*ex parte* motion' is a term of art. In its pure form it means a request a party makes to the court without any notice to the other side." Mission Power Eng'g Co. v. Cont'l Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995). "*Ex parte* relief is generally disfavored when relief may be had through a regularly noticed motion." Hufnagle v. Rino Int'l Corp., No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012). The Local Rules of the Eastern District recognize limited situations in which *ex parte* applications may be filed*: ex parte* motions to extend time where a stipulation cannot reasonably be obtained as where a defendant has not been served, or where there is an application to shorten time (L.R. 144 (c) (e); injunctive relief (L.R. 231); and default judgment (L.R. 540). Plaintiff's request does not fall within any of these situations. Consistent with the Local Rules, the process by which the Court could entertain such requests would be to for a party to file a motion to amend the scheduling order and submit with that motion an application for an order shortening time to hear the matter, with notice to the opposing party, and on good cause. To the extent that the motion needs to be heard on shortened time due to the pending deadline, Plaintiff can use Local Rule 144(e).

1 has failed to demonstrate diligence, which is required to modify the scheduling order.  In the
2 Ninth Circuit, if the "party was not diligent, the [good cause] inquiry should end."  Johnson, 975
3 F.2d at 609.

4 Defendant emphasizes that following Plaintiff's informing Defendant in October of 2021
5 that Plaintiff no longer wanted to take such depositions, it wasn't until months later on January
6 26, 2022, a week before the discovery cutoff date, that Plaintiff informed Defendant of the desire
7 to take depositions of Defendant's 30(b)(6) witness, third party Miller, and third party AME.
8 (Opp'n 5-6.)  Defendant argues Plaintiff has not provided good cause for belatedly changing
9 their position regarding the 30(b)(6) deposition, nor for why they seek AME's deposition for the
10 first time.  As for change of lead counsel in mid-January of 2022, Defendant counters that the
11 case remained with the same law firm, and as noted in the *ex parte* application, Ms. Abrams,
12 who has been handling the day-to-day operations for the case, remains as counsel, and Ms.
13 Abrams and her colleague told Defendant's counsel in October of 2022 that Plaintiff did not
14 need additional discovery, and consistent with that statement, Plaintiff's counsel did not mention
15 the need for additional depositions during any of the numerous subsequent discovery related
16 communications that occurred until January 26, 2022.  (Opp'n 6.)  Defendant argues it was a
17 strategic choice in October 2022 to forego additional depositions, and changing counsels' mind
18 on January 26, 2022, does not demonstrate the diligence required to modify the scheduling order,
19 Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006).[2]

---

[2] In Cornwell, the Ninth Circuit held:

> We find these arguments unpersuasive. Cornwell must have learned about Smith's allegation before October 2003, because Plaintiff's counsel asked Bonnie Cottrell to verify the allegation during her deposition on October 1. Two months later, however, in December 2003, Plaintiff's counsel told the district court that he had "completed discovery," even though he had neither obtained Ms. Smith's affidavit, nor taken her deposition, despite the potential importance of her testimony.[3] At oral argument, Plaintiff's counsel stated that he chose not to include Ms. Smith's testimony in the pretrial record because he prefers not to disclose his strongest evidence before trial. Assuming that Plaintiff's counsel's decision was an appropriate litigation strategy, notwithstanding the likelihood of a defense motion for summary judgment before trial, it was nonetheless not a diligent pursuit of discovery opportunities within the meaning of *Panatronic*. Finding himself without admissible testimony on this issue, Plaintiff must accept the consequence of his choice not to pursue discovery of Ms. Smith's testimony before the discovery cutoff. Plaintiff's counsel surely knew or should have known that Defendants' motions for summary judgment would test the factual sufficiency of Cornwell's claims. Cornwell's strategic decision not to preserve Ms. Smith's allegation in the pretrial discovery record does not render the district court's routine enforcement of a discovery cutoff an abuse of discretion.

While Plaintiff's *ex parte* application only provided the Court with vague and generalized statements concerning counsel's recent entrance into this case, without supporting dates, exhibits, or specific factual circumstances surrounding the course of discovery and course of communications between the parties throughout the discovery process, Defendant in opposition has thoroughly set forth and described the state of discovery and the course of meet and confer between counsel on the issues of outstanding discovery and potential stipulations to extend the discovery deadlines in consideration of needed depositions in the several months preceding this application. In reply, Plaintiff does not sufficiently address the factual timeline or course of meet and confer that was outlined in Defendant's opposition. Instead, Plaintiff only generally states that Defendant opposes the application to gain a tactical advantage, that Defendant will not suffer any prejudice, and that Plaintiff was diligent. Plaintiff submits that while Ms. Abrams was previously involved in the day-to-day handling of the claim, she became ill in December of 2021, and was unable to participate in depositions or further discovery; that Plaintiff is only requesting a sixty (60) day extension of the deadlines; and that trial is not imminent as no trial date has been set, and thus an extension would not disrupt other pertinent deadlines.

Plaintiff emphasizes the Advisory Committee Notes on the 1983 amendments to Rule 16 state that the good cause diligence standard was meant to create a lower bar than the standard of manifest injustice or substantial hardship. (Reply 2.) However, Plaintiff glosses over the fact

---

Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand.

Because discovery problems are presented in every case, and because in many cases discovery must close before a district court can consider dispositive motions with all evidence in hand, district courts need to be able to control or limit discovery in order to advance the progress of their trial dockets. The use of orders establishing a firm discovery cutoff date is commonplace, and has impacts generally helpful to the orderly progress of litigation, so that the enforcement of such an order should come as a surprise to no one. As we have emphasized more generally, "[d]istrict courts have 'wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.'" *California v. Campbell,* 138 F.3d 772, 779 (9th Cir.1998) (quoting *Volk v. D.A. Davidson & Co.,* 816 F.2d 1406, 1416–17 (9th Cir.1987) (second alteration in original)). We decline to limit the district court's ability to control its docket by enforcing a discovery termination date, even in the face of requested supplemental discovery that might have revealed highly probative evidence, when the plaintiff's prior discovery efforts were not diligent. We hold that the district court was well within its sound discretion when it denied Plaintiff's motion to reopen discovery.

Cornwell, 439 F.3d at 1026–27.

that the Ninth Circuit emphasizes diligence as the primary factor in considering these motions, and that a lack of diligence in of itself is determinative to whether good cause supports the motion.  See Johnson, 975 F.2d at 609 ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.").

Other than generally stating they became lead counsel in the beginning of January 2022, Plaintiff's counsel have not demonstrated why certain positions concerning depositions and extending the discovery deadlines to complete such depositions were communicated to Defendant in October of 2021, and why those positions have changed.  The Court cannot find diligence based on the record before it.  Plaintiff has not demonstrated an inability to complete the discovery in question despite their diligence.  The Court notes that counsel Mr. Jacobellis and Mr. Veroff appeared as Plaintiff's counsel on the filings in this action as early as the initial joint scheduling report filed on December 30, 2020, and additionally on the two stipulations to modify the scheduling order. (ECF Nos. 13, 18, 24.)[3]  While not lead counsel, they have been appearing as counsel for Plaintiff since the earliest stages of this action.  Given such fact, the absence of an explanation concerning the relevant timeline of the course of communication regarding discovery counsels against granting this application.

Plaintiff provides out of circuit examples where courts have found good cause met where substantial discovery has yet to be conducted and an extension would not disrupt other deadlines in the scheduling order. (Reply 2.)  However, in 2910 Ga. Ave. LLC, the court, applying the standards for reopening discovery in light of new facts, found good cause to reopen discovery because in addition to the trial not being imminent and the motion filed only 3 weeks after the close of discovery, "Plaintiff was diligent in obtaining discovery within the guidelines established by the Court and filed its motion **within days of learning the facts at issue**." 2910 Georgia Ave. LLC v. D.C., 312 F.R.D. 205, 211 (D.D.C. 2015) (emphasis added).  In contrast,

---

[3] Ms. Abrams did not appear on the December 30, 2020 filing, however does appear as early as the first stipulation to modify the scheduling order filed on June 24, 2021. (ECF Nos. 13, 18.)

here there are no facts indicating why new lead counsel came into the strategic position that additional depositions are now needed. Further, in Waite, there was no indication of a lack of diligence, with the court specifically stating there was no "undue delay on the part of Union Carbide, as it has been evaluating the additional non-parties identified through discovery, and sought leave to amend prior to expiration of the February 1, 2016, deadline for filing motions to amend set forth in this Court's Scheduling Order." Waite v. AII Acquisition Corp., No. 15-CV-62359, 2016 WL 2346768, at *12 (S.D. Fla. Mar. 10, 2016), aff'd sub nom. Waite v. All Acquisition Corp., 901 F.3d 1307 (11th Cir. 2018).

Plaintiff argues that a modification will not disrupt other deadlines in the scheduling order because no trial date has been set. However, the modification surely does impact the expert discovery deadlines, as well as the current dispositive motion filing deadline of May 4, 2022, and the pretrial conference currently scheduled for August 15, 2022. Plaintiff appears to aver that the pretrial conference in this action has been stayed. (ECF No. 23 at 2.) However the order of clarification issued on October 28, 2021, only proffered that until a new district judge was appointed, "[f]or practical purposes, this means that all matters set before the district judge in these cases are effectively STAYED until further notice." The pretrial conference is still scheduled. A new district judge was assigned to this action on January 7, 2022. (ECF No. 26.) Accordingly, the Court does not find Plaintiff's argument that there is no disruption to other deadlines to be compelling, nor does it establish diligence or good cause to deviate from the deadlines or standards set forth in the scheduling order.

While the Court is sympathetic to Ms. Abrams' illness in December of 2021, and understands Plaintiff's lead counsel stepped into the lead role recently, given the totality of circumstances and the course of communication regarding discovery in this matter, Plaintiff has not demonstrated good cause to modify the scheduling order. As stated in the scheduling order, "[i]n other words, discovery requests and deposition notices must be served sufficiently in advance of the discovery deadlines to permit time for a response, time to meet and confer, time to prepare, file and hear a motion to compel and time to obtain relief on a motion to compel." (ECF No. 4 at 3.) Recognizing Plaintiff reached out as early as January 26, 2022, for a

1  stipulation, Plaintiff's *ex parte* application filed on the day the non-expert deadline expired, does
2  not demonstrate good cause to deviate from the terms of the scheduling order.  See Johnson, 975
3  F.2d at 610 ("A scheduling order is not a frivolous piece of paper, idly entered, which can be
4  cavalierly disregarded by counsel without peril.") (internal citation and quotations omitted);
5  Cornwell, 439 F.3d at 1026–27 ("We decline to limit the district court's ability to control its
6  docket by enforcing a discovery termination date, even in the face of requested supplemental
7  discovery that might have revealed highly probative evidence, when the plaintiff's prior
8  discovery efforts were not diligent."); Wasatch Advantage Grp., LLC, 327 F.R.D. at 404
9  ("Relevant inquiries [into diligence] include: whether the movant was diligent in helping the
10 court to create a workable Rule 16 order; whether matters that were not, and could not have
11 been, foreseeable at the time of the scheduling conference caused the need for amendment; and
12 whether the movant was diligent in seeking amendment once the need to amend became
13 apparent."); Hardy v. Cty. of El Dorado, No. 2:07-cv-0799 JAM EFB, 2008 WL 3876329, at *1
14 (E.D. Cal. 2008) (rejecting plaintiffs motion to extend discovery deadline and rejecting argument
15 that it could not complete discovery because attorney had been ill and busy with obligations in
16 another case, and finding plaintiffs had not been diligent where they waited until three days
17 before the discovery cut-off to request modification of the scheduling order); Boparai v.
18 Shinseki, No. 1:09-cv-01164 AWI JLT, 2010 WL 4738125, at *2 (E.D. Cal. 2010) (finding that
19 filing a motion to modify the scheduling order six days before the discovery cut-off was not
20 diligent).
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## V.

## CONCLUSION AND ORDER

In consideration of the totality of facts and legal authority presented to the Court, Plaintiff has not demonstrated the diligence or good cause required to modify the scheduling order.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's *ex parte* application to modify the scheduling order (ECF No. 28) is DENIED.

IT IS SO ORDERED.

Dated: __**February 18, 2022**__

UNITED STATES MAGISTRATE JUDGE