NICHOLAS J. BOOS (SBN 233399)
nboos@maynardcooper.com
NORMAN LAU (SBN 253690)
nlau@maynardcooper.com
MAYNARD COOPER & GALE LLP
Two Embarcadero Center, Suite 1450
San Francisco, California 94111
Telephone:    (415) 646-4700
Facsimile:    (205) 254-1999

Attorneys for Defendant
AMERICAN FIRE AND CASUALTY COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA LOPEZ, DBA PLAZA SAN MIGUEL, AN INDIVIDUAL, <br><br> Plaintiff, <br><br> v. <br><br> AMERICAN FIRE AND CASUALTY COMPANY, <br><br> Defendants. | Case No. 1:20-CV-01418-JLT-SAB <br><br> **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICAN FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT** <br><br> Date:         July 12, 2022 <br> Time:         9:00 AM <br> Location:    Courtroom 4 <br> Judge:        Hon. Jennifer L. Thurston |

1

{06479577.1}

## I.     INTRODUCTION

The opposition of Plaintiff Alicia Lopez ("Plaintiff") contains improper new theories and unsupported assertions and mischaracterizations, but does not present evidence to support her claims against American Fire and Casualty Company ("American Fire").  American Fire demonstrated in its opening papers that no policy benefits are owed and that it conducted a fair and reasonable investigation.  Without the necessary evidence to support her claims against American Fire for breach of contract and bad faith, those claims fail as a matter of law and American Fire is entitled to the summary judgment it requests.

## II.     ARGUMENT

### A.     Plaintiff's Claim for Breach of Contract Fails as a Matter of Law

Plaintiff argues that there are triable issues of fact as to whether American Fire breached the policy by not paying additional amounts for (1) a masonry wall, (2) under the policy's "Lost Lease Coverage," and (3) under the policy's coverage for "Tenant Move Back Expenses."  Those arguments fail because Plaintiff did not disclose these new theories in her interrogatory responses and they fail in any event.

#### 1.     Plaintiff's Arguments are Foreclosed Because They Were Not Disclosed in Interrogatory Responses

Under Rules 26(a) and 26(e)(1) of the Federal Rules of Civil Procedure, a party must disclose and supplement its discovery responses to include all arguments, theories, and evidence that it plans to rely upon in opposing summary judgment.  If the party fails to do so, FRCP 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion . . . unless failure was substantially justified or is harmless."  Rule 37 provides a "self-executing, automatic sanction to provide a strong inducement for disclosure." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Thus, a party opposing summary judgment is precluded from relying on evidence and theories not disclosed in its interrogatory responses. *See, e.g., Cambridge Ele's Corp. v. MGA Ele's, Inc.*, 227 F.R.D. 313, 324-325 (C.D. Cal. 2004) (holding that party was barred from arguing evidence or legal theories not previously disclosed in its interrogatory responses and granting summary

2

judgment in favor of opposing party); *Silvia v. EA Technical Servs.*, No. 15-cv-04677-JSC, 2018 U.S. Dist. LEXIS 43688, at *15 (N.D. Cal. Mar. 16, 2018) (barring party from asserting new theory in opposition to motion for summary judgment where party did not supplement her interrogatory responses or initial disclosures, or amend her complaint); *Cargill Inc. v. Progressive Dairy Solutions, Inc.*, 2008 WL 2235354, *9-10 (E.D. Cal. May 29, 2008) (precluding use of information in opposition to summary judgment that was not disclosed in interrogatory responses).

Here, American Fire served interrogatories on Plaintiff asking her to state all facts supporting her cause of action for breach of contract. (Dkt. 37-4, Declaration of Nicholas Boos ["Boos Decl."], ¶ 7, Ex. 52, p 2.) Plaintiff responded by contending that American Fire (a) "failed to indemnify Plaintiff for loss of income," (b) "refuses to cover the costs associated with the Code and Ordinance," and "fails and continues to fail to indemnify Plaintiff for the full RCV amount due and owing to repair the structure." (Boos Decl., ¶ 7, Ex. 52, p. 3.) Plaintiff's interrogatory responses do *not* include contentions regarding a "masonry wall," lost lease coverage, or tenant move back coverage. Indeed, contrary to contending that a dispute existed as to a masonry wall comprising part of one of the buildings,[1] Plaintiff's public adjuster, Rolf Eidbo, admitted that he reached agreements with American Fire regarding replacement cost value and actual cash value. (Dkt. 37-5, Statement of Undisputed Facts ("UF") 225, 226.)

It is Plaintiff's burden to establish that failure to include her new contentions in her interrogatory responses was substantially justified or harmless. *See Yeti by Molly, Ltd.*, 259 F.3d at 1107. She has established neither. *First*, Plaintiff has no justification for not disclosing these theories. Plaintiff asserted a claim for breach of contract and it was her obligation to disclose her theories supporting that claim. *Second*, the failure to disclose was not harmless. American Fire conducted discovery and moved for summary judgment based on Plaintiff's disclosed theories. American Fire was deprived of the opportunity to develop evidence and arguments in response to the new theories. *See Silvia v. EA Technical Services, Inc.*, 2018 WL 1366622, *7 (N.D. Cal.

---

[1]   Eidbo states in his declaration that the wall was "one of the building's rear concrete masonry wall[s]." (Dkt. 41-4, Declaration of Rolf Eidbo ["Eidbo Decl."], ¶ 6.)

3

{06479577.1}

Mar. 16, 2018) (stating that the plaintiff's failure to disclose theory in interrogatory responses was not harmless because the defendants had completed discovery and filed a motion for summary judgment based on disclosed theory); *Phoenix Techs. Ltd. v. VMware, Inc.*, 2017 WL 1957042, *7 (N.D. Cal. May 11, 2017) (belated disclosure of contention prejudiced opposing party from developing the factual record to rebut the contention).

### 2.     Plaintiff's Undisclosed Theories Fail in Any Event

There is no merit to Plaintiff's undisclosed theories in any event.

#### a.     Masonry Wall

Plaintiff's contention regarding the rear masonry wall fails for multiple reasons.  *First*, Plaintiff's public insurance adjuster and representative, Eidbo, reached an agreement with American Fire regarding the replacement cost value and actual cash value of the building after testing showed that the wall was not damaged by the fire.  As discussed in American Fire's opening papers, Eidbo, American Fire's construction consultant John Miller, and American Fire's adjuster Brett Day agreed that testing on the wall was necessary.  (UF 166.)  Test results indicated there was no damage caused by the fire, and the results were provided to Eidbo.  (UF 167, 168, 176, 182, 183, 184.)  Eidbo and Day reached an agreement with American Fire regarding the replacement cost value and actual cash value of the building.  (UF 225, 226.)

*Second*, although Plaintiff now contends that the wall was damaged by the fire and American Fire owes additional amounts, she presents no admissible evidence in support of that contention.  Plaintiff relies on a declaration from Eidbo in which he asserts that "one of the building's rear concrete masonry wall was damaged by the fire's heat." (Eidbo Decl., ¶6.) However, there is no foundation for that improper lay opinion testimony and it must be disregarded.  Fed. R. Evid. 701; Fed. R. Civ. P. 56(c)(4).  Plaintiff also states that a building inspector, Denny Ferreira, "confirmed" that there the wall was fire damage (Dkt. 41, Opposition MPA, p. 7:8), but that mischaracterizes Ferreira's testimony.  Ferreira did not testify that damage to the wall was caused by the fire.  (Dkt. 41-2, Declaration of Victor Jacobellis, ¶ 4, Ex. 2 ["Ferreira Depo."] 21:17-21.)  Rather, he determined that it would be necessary for experts to make that determination.  (*Id*.)  As discussed above, an expert *did* make that determination—test

4

results showed that the wall was not damaged by the fire.  (UF 182, 183, 184.)  Plaintiff has presented no admissible evidence supporting her contention that the wall was damaged by the fire.

### b.        Lost Lease Coverage

The policy states, under Lost Lease Coverage – Lessors Interest, in part that the company "[w]ill pay for loss you sustain due to the cancellation of lease contracts by your tenants when the reason for cancellation of the lease is direct physical loss or damage to the leased premises caused by or resulting from a Covered Cause of Loss during the policy period."  (pdf page 189 of 223 of policy.)  However, the policy states that American Fire "will not pay for any loss caused by . . . [y]our canceling the lease[.]"  (Dkt. 37-2, Declaration of Brett Day ["Day Decl."], ¶ 4, Ex. 2, POL000189.)

Here, Plaintiff submitted no evidence that *tenants* cancelled leases as a result of the fire, as is required to trigger coverage.  Rather, Plaintiff submitted a declaration from Eidbo in which he makes the vague statement that Plaintiff "lost tenants."  (Eidbo Decl., ¶¶ 10-11.)  Even if Eidbo laid a foundation for that testimony, he does *not* state that tenants cancelled their leases.  Nor could he.  It was Mr. Lopez, not the tenants, who cancelled the leases.  (Day Decl., ¶ 14, Ex. 4, CF000177.)  Mr. Lopez did so in a written "Notice to All Tenants" in which he stated: "[W]e must mandate the full closure of the this [sic] complex.  All tenants will be required to have vacated the premises by 5:00 pm on January 21, 2018. . . .  Please be aware that upon closure of the building *all lease agreements will become null and void*."  (*Id*.)[2]  Thus, the evidence shows that the leases were not cancelled by the tenants, as was required for the Lost Lease Coverage to apply.

---

[2]    The "Notice to All Tenants" document does not constitute "new" evidence because it is directly responsive to assertions in Plaintiff's opposition.  *See, e.g., Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1205 fn. 31 (C.D. Cal. 2007) (reply evidence that offered different interpretation of same conversation described by Plaintiff in opposition did not offer new facts); *Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. 2007) (Unpub. Disp.) (evidence adduced in reply was not new where "[t]he Reply Brief addressed the same set of facts supplied in Terrell's opposition to the motion but provides the full context to Terrell's selected recitation of the facts").

{06479577.1}

### c.    Tenant Move Back Coverage

The policy states, under Tenant Move Back Coverage, in part that the company "will pay expenses incurred by you for 'Covered Move Back Costs' of tenants who temporarily vacate a portion of a covered building property at the premises described in the Declarations." (Day Decl., ¶ 4, Ex. 2, POL000190.) The policy defines "Covered Move Back Costs" as "documented, reasonable and necessary: (1) Costs of packing, insuring and carting business personal property; (2) Costs of re-establishing electric utility services, less refunds from discontinued services; (3) Costs of assembling and setting up fixtures and equipment; and (4) Costs to unpack and re-shelve stock and supplies." (Day Decl., ¶ 4, Ex. 2, POL000190.)

Here, Plaintiff has submitted no admissible evidence that Plaintiff incurred any "Covered Move Back Costs" of tenants. Plaintiff relies on Eidbo's declaration wherein he states that "Plaintiff incurred costs to move and pack tenants' business property, fixtures, and equipment." (Eidbo Decl., ¶¶ 12-13.) But that assertion lacks foundation and is not based on personal knowledge. Fed. R. Evid. 602; Fed. R. Civ. P. 56(c)(4). Moreover, that objectionable statement does not show that the expenses were "documented," "reasonable," or "necessary," as is required for coverage, nor that they are the types of costs that fall within the definition of "Covered Move Back Costs." Thus, there is no admissible evidence supporting Plaintiff's new theories.

## B.    Plaintiff's Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing Fails as a Matter of Law

American Fire showed in its opening papers that, as a matter of law, Plaintiff's claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law for two independent reasons: (1) no policy benefits are due, and (2) even if it is determined that policy benefits are due, there was no *unreasonable* withholding of policy benefits. *See Love v. Fire Ins. Exchange*, 221 Cal.App.3d 1136, 1151 (1990) ("[T]here are at least two separate requirements to establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause"). Plaintiff makes several arguments in response. None have merit.

6

### 1.    No Policy Benefits Were Withheld

Plaintiff argues that American Fire owes monies for the allegedly damaged wall, lost leases, and tenant move back expenses.  But that argument fails for the reasons discussed above.

### 2.    No Regulations Were Violated

Plaintiff also incorrectly argues that American Fire violated 10 Cal. Code Regs. § 2695.4(a), which requires insurers to disclose to first party claimants "all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant."  Specifically, Plaintiff asserts that coverage under the policy's Lost Lease and Tenant Move Back Coverages was "triggered" but that American Fire did not inform her of those coverages.  (Opposition, 12:25-13:1.)  However, as discussed above, the evidence shows that those coverages were *not* triggered.  American Fire did not violate 10 Cal. Code Regs. § 2695.4(a).  Even if it did, "[t]he regulations are simply a guideline, and 'any particular violation of the regulations does not require a finding of unreasonable conduct.'" *Moore v. Safeco Ins. Co. of America*, 2012 WL 12906077, * (C.D. Cal. Aug. 7, 2012), quoting *Rattan v. United Services Auto. Ass'n*, 84 Cal.App.4th 715, 724 (2000).  Here, American Fire showed in its opening papers that, as a matter of law, its claim handling was not unreasonable.

### 3.    The Report of Plaintiff's Purported Expert is Irrelevant and Inadmissible

Plaintiff mistakenly relied on a report from a purported expert, Terry McNeil.  McNeil's "opinions"—which he calls "Preliminary" (Dkt. 41-3, Declaration of Terry D. McNeil, ¶ 3, Ex. 1, p.12)—are irrelevant and inadmissible for at least the following reasons:

*First*, although McNeil asserts that he is qualified "to testify regarding the standard of care for claim handling," his report shows that he has no experience or expertise regarding numerous issues upon which he bases his opinions.  His report states that he worked as an underwriter, then as an insurance agent, then managed a workers' compensation claim department and an unspecified "nationwide claims department" in which he managed tort litigation for an entity called ABM Industries, Inc., and now runs an insurance agency which gives him an understanding of "the types of coverage" and "the products" offered by insurers.  His assertions that he has experience "helping" clients handle insurance claims and that he has

7

had "numerous conversations" with insurance adjusters do not qualify him as a claim handling expert, let alone as to first party insurance claims such as the one at issue here.

*Second*, McNeil's report improperly attempts to supplant the Court's role of determining what duties an insurer owes and what the law requires. Such assertions are irrelevant and regularly result in expert testimony being stricken. *See, e.g., Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008); *McHugh v. United Serv. Auto Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999); *Sekera v. Allstate Ins. Co.*, 2017 WL 6550425, *13 (C.D. Cal. Sept. 19, 2017); *Spradlin v. Geico Indem. Co.*, 2019 WL 6481304, *26 (C.D. Cal. Aug. 1, 2019).

*Third*, it is improper for a declarant to "opine" that an insurer acted unreasonably or in violation of the law. *See, e.g., Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *Keshish v. Allstate Ins. Co.*, 959 F.Supp.2d 1226, 1240 (C.D. Cal. 2013); *Rigas v. Allstate Ins. Co.*, 1998 WL 422671, at *3 n.1 (C.D. Cal. Apr. 16, 1998); *Bonenfant v. Standard Ins.*, 2011 WL 3904300, at *3 (E.D. Cal. Sept. 6, 2011). McNeil does precisely that throughout his report.

*Fourth*, much of McNeil's report consists of improper speculation and argument about things of which he has no firsthand knowledge, including assertions about was or was not done, what American Fire knew, and that purported actions were "deliberate." McNeil's report offers Plaintiff no assistance.

**4.  Plaintiff's Arguments Regarding Increased Costs of Construction Are Not Supported by Evidence and are Irrelevant**

Plaintiff makes a series of baseless and irrelevant assertions regarding the Policy's Increased Cost of Construction coverage. As explained in American Fire's opening papers, no benefits are owed under the Policy's Increased Cost of Construction coverage because that coverage only applied if and when the damaged buildings were actually repaired or replaced (UF 15, 16), and they were neither repaired nor replaced. (UF 227, 228.) Plaintiff nevertheless makes a series of contentions about that policy provision.

Plaintiff states in her opposition brief that American Fire's adjuster, Brett Day, "advised Mr. Eidbo how ICC benefits would be paid when Plaintiff constructed a car wash." (Opposition,

8

13:22-23.)  That statement is not supported by evidence.  Plaintiff relies on Eidbo's declaration, but Eidbo's declaration merely states that he and adjuster Brett Day discussed that Plaintiff and American Fire should estimate the cost to repair the property as it was, and determine increased costs of construction to comply with building codes.  (Eidbo Decl., ¶ 16.)  He says it was his "understanding" that the latter estimate was meant to determine the amount that would be paid under the increased cost of construction coverage if Plaintiff constructed a car wash.  (*Id.*)  Contrary to the characterization in Plaintiff's opposition brief, Eidbo does *not* say that Day told him that, nor would any evidence support such a statement by Eidbo.  The evidence shows that Eidbo told Day on March 4, 2020 that Mr. Lopez was going to install a car wash at the subject property (UF 187, 188), and Day told Eidbo on March 11, 2020 that the Policy's code coverage might not apply if Mr. Lopez replaced the buildings with a car wash.  (UF 191, 192.)

Plaintiff also argues that, if she did construct a car wash, she would meet the Increased Cost Of Construction requirement that the "restored or remodeled property is intended for similar occupancy as the current property, unless such occupancy is not permitted by zoning or land use ordinance or law."  (UF 14.)  Plaintiff is incorrect.  A car wash is obviously not a similar occupancy to a strip mall housing tenants including Taqueria El Calentano, Birria Chito, La Morenas Taqueria, Amelia's Fashions, Linda's Beauty Shop, Celeste's Flowers, Lupita's Floral, Sierra Muffler and Smog, Club de Estilo de Vida Saludable, Versatil Beauty Shop, and Adelita Jewelers.  (Day Decl., ¶ 14, Ex. 4.)  The argument is irrelevant and moot in any event because no car wash was constructed.  Further, the disagreement is at least a genuine dispute that precludes a bad faith claim.  *See Rappaport-Scott v. Interinsurance Exchange of Auto. Club*, 146 Cal.App.4th 831, 837 (2007) ("[T]he withholding of benefits due under the policy is not unreasonable if there was a genuine dispute between the insurer and the insured as to coverage or the amount of payment due").

**C.      Plaintiff's Claim for Punitive Damages Fails as a Matter of Law**

Plaintiff also has not rebutted the showing that she cannot recover punitive damages.  *First*, punitive damages are not even theoretically available because the bad faith claim fails as a matter law.  *Second*, Plaintiff cannot recover punitive damages in any event.  "[T]he evidence

9

required to support an award of punitive damages for breach of the implied covenant of good faith and fair dealing is 'of a different dimension' from that needed to support a finding of bad faith." *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.*, 78 Cal.App.4th 847, 880 (2000).  A plaintiff seeking to recover under a claim for punitive damages must first establish by clear and convincing evidence that the defendant acted with malice, oppression, or fraud.  *Lunsford v. American Guaranty & Liability Ins. Co.*, 18 F.3d 63, 656 (9th Cir. 1994). Clear and convincing evidence is a much higher standard than preponderance.  It means evidence that is so clear and explicit "as to leave no substantial doubt" and is "sufficiently strong" to command the unhesitating asset of every reasonable mind."  *Inamed Corp. v. Medmar Cas. Ins. Co.*, 258 F.Supp.2d 1117, 1123 (C.D. Cal. 2002), quoting *Tomaselli v. Transamerica Ins. Co.*, 25 Cal.App.4th 1269, 1287-1288 (1994).  The higher clear and convincing evidentiary standard applies at every stage of the litigation process, including summary judgment.  *Adams v. Allstate Ins. Co.*, 187 F.Supp.2d 1219, 1231 (C.D. Cal. 2002).  American Fire has shown that there is no evidence, let alone clear and convincing evidence, that it acted with oppression, fraud, or malice.

## III.    CONCLUSION

For the foregoing reasons, American Fire respectfully requests that summary judgment be granted in its favor.

Dated:    July 8, 2022                                MAYNARD COOPER & GALE, LLP


By:    */s/ Nicholas J. Boos*
NICHOLAS J. BOOS
NORMAN LAU
Attorneys for Defendant
AMERICAN FIRE AND CASUALTY COMPANY

**PROOF OF SERVICE**

STATE OF CALIFORNIA                    )
COUNTY OF SAN FRANCISCO                 )

I am employed in the County of San Francisco, State of California.  I am over the age of 21 and am not a party to the within action.  My business address is Maynard, Cooper & Gale, LLP, Two Embarcadero Center, Suite 1450, San Francisco, California 94111. On the date indicated below, I served the foregoing document described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMERICAN FIRE AND CASUALTY COMPANY'S MOTION FOR SUMMARY JUDGMENT**

on the interested parties in this action by placing: [ ] the original document - OR- [X] a true and correct copy thereof enclosed in sealed envelopes addressed as follows

**[X]     BY CM/ECF ELECTRONIC SERVICE:** The following are registered CM/ECF users with the Court and have consented to service through the Court's automatic transmission of a notice of electronic filing.

VICTOR JACOBELLIS (SBN 278988)
vjacobellis@merlinlawgroup.com
DANIEL J. VEROFF (SBN 291492)
dveroff@merlinlawgroup.com
MERLIN LAW GROUP, P.A.
1160 Battery Street East, Suite 100
San Francisco, CA 94111
Tel: (415) 874-3370
Fax: (415) 874-3017

*Attorneys for Plaintiffs*

I declare that I am employed in the office of a member who has been admitted to the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 8, 2022, in San Francisco, California.

_____
Brian Day

11

{06479577.1}